UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ERICA ZAGATA, substituted party for ]
JOYCE ZAGATA, deceased ]
]
    Plaintiff, ]
]
    vs. ] 4:10-CV-1566-LSC
]
MICHAEL J. ASTRUE, ]
Commissioner, ]
Social Security Administration, ]
]
    Defendant. ]

MEMORANDUM OF OPINION

I.    Introduction.

Claimant Joyce Zagata ("Claimant") was denied her application for a period of disability and disability insurance benefits ("DIB"). When Claimant passed away, Plaintiff Erica Zagata ("Plaintiff"), Claimant's daughter, filed a Notice of Substitution of Party on January 12, 2010. (Tr. at 12.) Plaintiff timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Claimant was forty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision, and had graduated from high school. (Doc. 10 at 2; Tr. at 36, 160.)  Her past work experience included employment as a florist, mail carrier, and personnel clerk. (Doc. 10 at 2; Tr. at 61-62, 160, 163.)  Claimant stated that she became disabled on or before December 31, 2000, due to pain in her cervical spine, neck, shoulders, arms, hip, lower back, and legs. (Doc. 10 at 2; Tr. at 39, 41.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. § 404.1520(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341

(5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. (*Id.*) If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can do other work, the claimant is not disabled. (*Id.*)

Applying the sequential evaluation process, the ALJ found that Claimant "last met the insured status requirements of the Social Security Act on December 31, 2000." (Tr. at 18.)  He further determined that Claimant has not engaged in substantial gainful activity since the amended alleged onset date of her disability on December 1, 2000, through her date last insured of December 31, 2000.  (*Id.*)  According to the ALJ, Claimant's "cervical degenerative changes, and lumbar radiculopathy at L4, L5, and S1" are considered "severe" based on the requirements set forth in the regulations.  (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.* at 19.)  The ALJ determined that Claimant had the residual functional capacity to, "perform sedentary work as defined in 20 C.F.R. 404.1567(a), except the claimant had the ability to stand and walk four hours in an eight hour day, and sit six hours in an eight hour day with a sit/stand option." (*Id.* at 20.)  The ALJ also found that Claimant "had the ability to frequently climb ramps and stairs," but that "[s]he was unable to climb ladders, ropes, or scaffolds." (*Id.* at 20.)  Further, Claimant "was limited to only frequent use of lower extremities for foot controls, and was

limited to no more than occasional overhead reaching." (*Id*. at 20.) Finally, Claimant experienced only "mild to moderate pain." (*Id*. at 20.)

The ALJ then determined that "[t]hrough the date last insured, the claimant was capable of performing past relevant work as a personnel clerk," and that "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. at 22.) Accordingly, the ALJ entered a finding that Claimant has "not [been] under a disability, as defined in the Social Security Act, at any time from December 1, 2000, the alleged onset date, through December 31, 2000, the date last insured." (*Id*. at 22.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but

applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff alleges the ALJ's decision should be reversed and remanded because the ALJ improperly evaluated Claimant's allegations of disabling plain. (Doc. 9-1 at 1.) Specifically, Plaintiff argues that the ALJ erred when he based his opinion on "employment which ended seven months prior to Zagata's alleged onset date." (*Id.* at 3.) Plaintiff also contends that the ALJ incorreclty "found Zagata's symptoms were inconsistent with medical evidence of record." (*Id.*)

To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

The ALJ is permitted to discredit Claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for

doing so.  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.").  Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'"  *Dyer*, 395 F.3d at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).  In *Dyer*, the Eleventh Circuit held that the ALJ properly applied the *Holt* standard when he considered the claimant's daily activities, frequency of his symptoms, and the types and dosages of his medications, to conclude that the claimant's subjective complaints were inconsistent with the medical record.  *Id*. at 1212.  "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole."  (*Id*.) (internal quotations omitted).

    The ALJ has articulated explicit and adequate reasons for discrediting

the Claimant's subjective complaints of pain. The ALJ examined the Claimant's work history and activities of daily living to determine the credibility of the claimant's statements. (Tr. at 21.) After comparing Claimant's alleged pain levels to her past work history at the Nuclear Power Plant ("Plant") from February to April 2000, the ALJ held this previous employment was "inconsistent with the claimant's alleged pain levels and limited function." (Tr. at 21.) Further, the ALJ found that "the claimant's described daily activities are wholly inconsistent with her ability to work eleven hours a day, seven days a week for three months." (Tr. at 21.)

After reviewing Claimant's medical records, it is apparent the ALJ was correct to conclude that Claimant's alleged complaints of pain were inconsistent with the medical evidence. (Tr. at 20.) Claimant argues that the ALJ should not have considered her work at the Plant in determining disability, and states that this period of employment made her worse. (Doc. 9-1 at 3.) The record does not indicate Claimant's pain worsened due to her employment at the Plant. (Tr. at 976-84.) In fact, after her employment, the record indicates Claimant was doing better as opposed to worse. (Tr. at 968.)

Before Claimant's employment at the Plant, her November 1, 1999, and February 1, 2000, visits to the chiropractor show that the "claimant had a normal gait and ambulated normally." (Tr. at 985, 987.) During these visits Claimant complained of "tenderness" in her back. (Tr. at 985, 987.) The visual examination report shows that terms like "spasm," "restriction," or "pain," could have been marked, but instead only "tenderness" was indicated. (Tr. at 985, 987.) During both visits, she had a "positive straight leg raise test on the right side" and a "normal range of motion throughout her body." (Tr. at 985, 987.)

Claimant completed her employment at the Plant in April 2000. In June and July 2000, the Claimant made several trips to the chiropractor. (Tr. at 976-78.) On these visits, Claimant stated she had upper and lower back pain, neck pain and stiffness, right hip pain, and shoulder pain. (*Id*.) The only objective findings during these visits was rigidity or tenderness to palpation and occasional trigger points. (Tr. at 976-84.) In fact, on her visit to the chiropractor on February 2, 2001, she stated she was "feeling a little better." (Tr. at 968.) Her visits to the chiropractor in early 2001 contain complaints of "pain" and "tenderness," not "severe" or "remarkable" pain. (Tr. at 967-

70.)

Further, the medical records contain *only one* complaint of severe-like pain, where she indicated her pain level was an eight and a half on a ten point scale. (Tr. at 933.)  This complaint was made in October 2000. (Tr. at 933.)  That same month, the Claimant had a nerve conduction study.  The study showed only lumbar radiculopathy at L4-5, and L5-S1. (Tr. at 932.)  While this study is consistent with disc disorders in Claimant's lower back and radiculopathy in her legs, it also showed that her "Upper extremities study reveals normal latencies and normal conduction velocities throughout." (Tr. at 932.)  Dr. Edward Herba made no finding other than that the NCS was consistent with back pain and disc disorder. (Tr. at 932.)

This report is in sharp contrast to Claimant's allegations of pain.  In addition, the record contains no other visits to the chiropractor in October through December of 2000, a time when Claimant states she had "constant" pain that was an eight and a half on a ten point scale. (Tr. at 43.)  Claimant also stated that during this time she would lay down for approximately six hours for five days a week due to the severity of the pain. (Tr. at 43.)  These complaints are inconsistent with the NCS conducted during this time.

It appears to the Court that the ALJ specifically addressed Claimant's allegations of pain in his opinion, and he provided explicit and reasonable reasons for rejecting her testimony. The ALJ was correct in finding that, "the record contains no objective medical evidence which supports a finding that the claimant is disabled;" specifically, "the record does not support the claimant's allegations of severe pain nor the severe restrictions in daily activities alleged by the claimant." (Tr. at 21.)

IV.   Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner will be affirmed by separate order.

Done this 25th day of August 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458